IRVING TRUST COMPANY, as Trustee in Bankruptcy of BANKERS CAPITAL CORPORATION, Plaintiff, *v.* SUPERIOR CREDIT CORPORATION, Defendant.*

Supreme Court, New York County, June 3, 1932.

*Breed, Abbott & Morgan [H. S. Williamson of counsel], for the plaintiff.*

*Davies & Lesser [Jacob Lesser of counsel], for the defendant.*

SHIENTAG, J. This is an action by the trustee in bankruptcy of Bankers Capital Corporation to set aside a transfer of securities by that corporation to the present defendant, which is alleged to be void as a preference within the meaning of section 60 of the Bankruptcy Act (U. S. Code, tit. 11, § 96).

The shares of stock transferred were delivered to the defendant on October 31, 1929. Eleven days later a petition in bankruptcy was filed. It is conceded that at the time of delivery Bankers

* Affd., 237 App. Div. 877; 262 N. Y. 604.

Capital Corporation was insolvent. The defendant, an affiliate and subsidiary of Bankers Capital Corporation, maintains that it had no knowledge of impending insolvency. On this issue of fact I find that the defendant, through its agent in charge of the transaction, was aware of facts sufficient to ground a strong probability that Bankers Capital Corporation was insolvent. As was said by HAND, J., in *Ernst* v. *Mechanics' & Metals National Bank of New York* (200 Fed. 295, 298), " if an intent to receive a preference can exist only when the creditor has full knowledge of insolvency, then there was not the necessary intent here; but full knowledge is not necessary, and practically never exists. As in other cases of notice, as, for example, commercial paper, all that is necessary is such knowledge as would put most men on inquiry."

The defendant further maintains that the delivery of the securities on October 31, 1929, does not fall within the prohibition of the Bankruptcy Act because property in the goods had passed to the defendant more than four months before bankruptcy, when the stocks were paid for by the defendant and notices " confirming sale " sent by Bankers Capital Corporation to the defendant.

The method of passing of title to stock is clearly laid down in section 162 of the New York Personal Property Law. The requirement of actual delivery which that section affirms is qualified only where an agency or fiduciary relationship exists, so that delivery to the agent or trustee is, in law, equivalent to delivery to the intended transferee. In the instant case a customer's agreement specifically excludes any implication of trust or agency. It follows that there was no passing of title to the securities in question until October 31, 1929, when delivery was made. (*Matter of Banker's Capital Corporation*, 51 F. [2d] 737; *Matter of Broomhall, Killough & Co., Inc.*, 47 id. 948; *Coolidge* v. *Old Colony Trust Co.*, 259 Mass. 515; *Goodhue* v. *State Street Trust Co.*, 267 id. 28.) The same result is reached under the Sales Act. (*Wills* v. *Investors Bankstocks Corp.*, 257 N. Y. 451.)

Judgment is accordingly directed in favor of the plaintiff for the sum of $47,719, with interest from April 28, 1930. Execution stayed twenty days; sixty days to make a case.